**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BRIAN GALLAGHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THOMAS J. DART, SHERIFF OF | ) |
| COOK COUNTY ILLINOIS, THE | ) |
| COOK COUNTY MERIT BOARD; | )     No.: 17-CV-08028 |
| JAMES P. NANNY, CHAIRMAN; | ) |
| VINCENT T. WINTERS, | )     Hon. Amy J. St. Eve |
| BOARDMEMBER; PATRICK | ) |
| BRADY, BOARDMEMBER; | ) |
| GRAY MATEO-HARRIS, KIM R. | ) |
| WIDUP, BOARDMEMBER; BYRON | ) |
| T. BRAZIER, BOARDMEMBER; | ) |
| JENNIFER E. BAE, BOARDMEMBER | ) |
| and JOHN J. DALICANDRO, | ) |
| BOARDMEMBER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Defendant Thomas J. Dart, Sheriff of Cook County, Illinois, has moved to dismiss

Counts II, III, and IV of the Amended Complaint.[1]  (R. 11.)  For the following reasons, the Court

grants in part and denies in part Sheriff Dart's motion.

## BACKGROUND

The Amended Complaint alleges that Sheriff Dart and certain administrative offices[2]

---

[1] Gallagher amended his initial complaint while this proceeding was in state court, before defendants removed to federal court.  (*See* R. 1.)

[2] The Amended Complaint makes reference to complaints filed by both the "Office of Professional Review" and the "Office of Professional Standards."  Although the Court suspects those two bodies are the same, it adopts the Amended Complaint's usage.

filed a string of pretextual disciplinary complaints against Plaintiff Brian Gallagher to push him out of his position as Cook County Court Services Deputy Sheriff for having taken work time off as a result of his medical disability.

Gallagher started as Deputy Sheriff in 1995. (R. 1-1, Am. Compl. ¶ 1.) From 2005 until his termination in 2017, he worked at the criminal courthouse at 26th Street and California Avenue. (*Id.* ¶ 2.) In 2003, Gallagher underwent gastric bypass surgery, "which resulted in continuing medical problems necessitating his taking time off of work." (*Id.* ¶ 3.) In 2014, Gallagher had another operation—this time, a full left adrenalectomy—which "left him with continuing medical problems necessitating his taking time off of work." (*Id.* ¶ 5.) Gallagher claims to have a "disability" as defined by the Americans with Disabilities Act (citing Title VII, 42 U.S.C. §§ 12111, 12102(2)), elsewhere phrased as "a recurring serious health condition which results in his inability to work." (*Id.* ¶ 16.) Each year, from his surgery in 2003 until his suspension in 2016, Gallagher applied for and received leave under the Family Medical Leave Act. (*Id.* ¶¶ 4, 20.) He claims that he was qualified for his position and performed his duties reasonably. (*Id.* ¶¶ 18.)

On October 14, 2015, the Office of Professional Review filed a disciplinary complaint against Gallagher seeking his termination for having allowed a "detainee to escape." (*Id.* ¶ 22.) The Amended Complaint does not state how that matter was resolved. Two days later, however, on October 16, 2015, Sheriff Dart and the Office of Professional Standards filed a complaint against Gallagher with the Cook County Sheriff's Merit Board seeking his termination for having taken unauthorized absences from scheduled shifts from August 2012 to October 2014. (*Id.* ¶¶ 7–8, 24.) Apparently beginning in March 2016, Gallagher served a without-pay suspension pending resolution of that complaint. (*See id.* ¶¶ 9, 20.) The Merit Board held a

hearing on September 20, 2016, and on February 7, 2017, the Merit Board ruled against

Gallagher and ordered him terminated effective October 16, 2015. (*Id.* ¶¶ 11–12.)

Gallagher faced additional complaints during this period. On December 28, 2015, the

Office of Professional Standards filed a complaint against Gallagher alleging that he had violated

employment rules by taking up secondary employment. (*Id.* ¶ 25.) That complaint, too, sought

Gallagher's termination. (*Id.*) It went to a hearing on December 1, 2016, but no decision has

issued. Another complaint was filed (the Amended Complaint does not say by whom) on August

27, 2016, against Gallagher alleging that he had failed to report a February 9, 2015 "incident of

actual excessive force" and again seeking his termination. (*Id.* ¶ 9, 23.) It went to a hearing in

September and October 2016, but the Merit Board has not issued a decision. (*Id.*) Gallagher

claims that, before this series of complaints, he had never been subject to any significant

disciplinary actions in his 20 years of service. (*Id.* ¶ 21.) He also claims that the facts

underlying "each and every" complaint did not warrant discipline, let alone the termination. (*Id.*

¶ 26.)

Based on these events, Gallagher asserts four causes of action. First, he petitions for

review of the Merit Board's February 7, 2016 decision. Second, Gallagher claims a violation of

the ADA, in that Sheriff Dart discriminated against him on the basis of his disability. Third, he

asserts a claim under the FMLA, alleging that Sheriff Dart retaliated against him in filing the

complaint and ultimately causing his termination because he exercised his right under the FMLA

to take time off. Fourth, Gallagher claims that Sheriff Dart violated the Consolidated Omnibus

Budget Reconciliation Act of 1985 (COBRA) by failing to notify him that he could continue to

receive health insurance for up to 18 months after his termination.

## LEGAL STANDARD

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014); *see also Hill v. Serv. Emp. Int'l Union*, 850 F.3d 861, 863 (7th Cir. 2017). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) challenge, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). Courts, of course, accept all well-pleaded facts as true and draw reasonable inferences in the plaintiff's favor. *See, e.g.*, *Forgue v. City of Chicago*, 873 F.3d 962, 966 (7th Cir. 2017). After "excising the allegations not entitled to the presumption" of truth, courts "determine whether the remaining factual allegations plausibly suggest an entitlement to relief." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

## ANALYSIS

Sheriff Dart challenges the sufficiency of Counts II, III, and IV on various grounds. The Court addresses those arguments in turn.[3]

## I.     Count II: Retaliation in Violation of the ADA

Sheriff Dart first challenges Count II, alleging a violation of the ADA. He argues that Gallagher has failed to exhaust his administrative remedies, failed to allege adequately a "disability," and failed to do the same with respect to "retaliation." In response to Sheriff Dart's

---

[3] As an initial matter, the Court denies Gallagher's request to strike Sheriff Dart's motion or convert it to Affirmative Defenses because Sheriff Dart filed his answer to the Amended Complaint contemporaneously with his motion to dismiss. The Mandatory Initial Discovery Pilot, which governs in this case (R. 7), requires defendants to do so.

first argument, Gallagher concedes both that the ADA requires exhaustion of administrative remedies and that he has failed to do so. Gallagher, however, asks that the Court dismiss Count II without prejudice and grant him leave to amend to bring a claim under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a), which does not have an exhaustion requirement. Sheriff Dart agrees, of course, that the Court should dismiss Count II, and he does not dispute that a Section 504 claim need not be administratively exhausted in this case; but he counter argues that the Court should not grant leave because Gallagher has still failed to allege a "disability" under the ADA, which courts treat as similar to a "handicap" under the Rehabilitation Act. *Accord Dennis v. Curran*, No. 16 C 6014, 2017 WL 264497, at *3 (N.D. Ill. Jan. 20, 2017) ("The Rehab Act is co-extensive with the ADA. Thus, the analysis under both statutes is the same, with the exception that the Rehabilitation Act includes a requirement that the relevant public entity accept federal funds.")

Even if the Court agreed with Sheriff Dart's arguments about the insufficiency of Gallagher's ADA claim, those arguments do not suggest that there lacks cause for leave or that amendment is futile. The Court accordingly dismisses Count II without prejudice and grants Gallagher leave to file a Rehabilitation Act claim, if he can bring and adequately plead such a claim. The Court notes, however, that Gallagher's next complaint should contain factual allegations describing his "handicap" or "disability" and the circumstances of any "retaliation" or "discrimination" in greater depth than the Amended Complaint's largely conclusory claims. *See, e.g.*, *Khan v. Midwestern Univ.*, 147 F. Supp. 3d 718, 722 (N.D. Ill. 2015) ("To state a discrimination claim under the Rehabilitation Act, the Plaintiff must allege that she was: '(1) an individual with a disability; (2) otherwise qualified for the benefit sought; (3) discriminated

against solely because of his handicap; and (4) discriminated against by an entity that received federal financial help.'") (quoting *Grzan v. Charter*, 104 F.3d 116, 119 (7th Cir. 1997)).

## II.     Count III: Violation of the FMLA

Sheriff Dart also contests Count III, which claims an FMLA violation.  He argues that the Amended Complaint is unclear as to what kind of FMLA theory it brings—an interference claim, alleging that an employer constrained an employee's ability to take time off, or a retaliation claim, alleging that an employer punished and employee for taking time off.  In any event, Sheriff Dart argues, either theory is insufficiently pleaded.

Employers "are prohibited from retaliating against an employee that exercises or attempts to exercise FMLA rights."  *Pagel v. TIN Inc.*, 695 F.3d 622, 631 (7th Cir. 2012) (citing 29 U.S.C. § 2615(a)(2)).  For that reason, an "employer cannot use an employee's of FMLA leave as a negative in promotion, termination, and other employment decisions."  *Id.* (citing *Breneisen v. Motorola, Inc.*, 512 F.3d 972, 978 (7th Cir. 2008)).  To prevail ultimately "on a FMLA retaliation claim, a plaintiff must present evidence that [he] was subject to an adverse employment action that occurred because [he] requested or took FMLA leave."  *Guzman v. Brown Cnty.*, --- F.3d ----, 2018 WL 1177592, at *5 (7th Cir. Mar. 7, 2018) (citing *Preddie v. Bartholomew Consol. Sch. Corp.*, 799 F.3d 806, 819 (7th Cir. 2015)).  Thus, at the motion-to-dismiss stage, a plaintiff "must plead the following: (1) that he engaged in a statutorily protected activity; (2) that his employer took a materially adverse action against him; and (3) that there is a causal connection between the protected activity and the adverse action."  *Malone v. Securitas Sec. Servs.*, No. 13 C 8747, 2015 WL 5177549, at *2 (N.D. Ill. Sept. 3, 2015), *aff'd sub nom. Malone v. Securitas Sec. Servs. USA, Inc.*, 669 F. App'x 788 (7th Cir. 2016) (citing *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 670 (7th Cir. 2011)); *see also Jones v. Maywood*

*Melrose Park Broadview Sch. Dist. 89*, No. 16-CV-09652, 2017 WL 2936709, at *3 (N.D. Ill. July 10, 2017) (same).

Sheriff Dart does not contest the sufficiency of allegations relating to the first two prongs; he challenges only the third, causation. "A plaintiff may show the causal-nexus through either a direct admission from the employer or 'circumstantial evidence of retaliatory intent.'" *Deka v. Countryside Ass'n for People With Disabilities, Inc.*, 140 F. Supp. 3d 698, 708 (N.D. Ill. 2015) (quoting *Carter v. Chicago State Univ.*, 778 F.3d 651, 657 (7th Cir. 2015)). "Typically," such circumstantial evidence can "include[e] suspicious timing and ambiguous oral or written statements." *Tuhey v. Ill. Tool Works, Inc.*, No. 17 C 3313, 2017 WL 3278941, at *4 (N.D. Ill. Aug. 2, 2017) (citing *Carter,* 778 F.3d at 657)); *see also Hutt v. AbbVie Products LLC*, 757 F.3d 687, 691 (7th Cir. 2014). Of course, "pieces of circumstantial evidence . . . may be combined to support an inference of discriminatory intent." *Deka*, 140 F. Supp. 3d at 708.

In this case, Gallagher alleges that he took employer-approved FMLA leave every year for 13 years. He alleges that, starting in October 2015 and through 2016, he faced a slew of disciplinary complaints, ranging from taking unapproved absences, to allowing an inmate to escape, to failing to report instances of excessive force. His employer filed the first of those claims on October 14, 2015, and filed another just two days later, on October 16, 2015, expressly challenging Gallagher's work absences. Gallagher claims further that the Merit Board's decision on the October 16, 2015 complaint, which resulted in his termination, lacked a sufficient factual basis and was against the weight of evidence. Indeed, the Amended Complaint attaches that ruling, and its dissent argues that the allegedly unapproved absences may have been covered by FMLA leave. (*See* R. 1-2); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). Gallagher, moreover, alleges

that none of the complaints merited discipline, and that before October 2015, he never faced

substantive employment-related discipline in his 20 years on the job. Setting conclusions aside,

but viewing the facts in the light most favorable to Gallagher, he has sufficiently alleged that the

slew of complaints resulting in his termination stemmed, at least in part, from his taking FMLA

leave. *See Tuhey*, 2017 WL 3278941, at *4.

The Court does not read Gallagher's causation allegations to rest solely on the "temporal

proximity" between the taking of FMLA leave and the adverse action. To the contrary, the

sudden burst of unwarranted complaints (including one for unauthorized absences), the lack of

previous discipline, and the sheer amount of FMLA leave taken are pieces of circumstantial-

evidence allegations that collectively suffice at this stage. *Accord Ruckebeil v. Cancer*

*Treatment Centers of Am., Inc.*, No. 15 C 08259, 2016 WL 878585, at *4 (N.D. Ill. Mar. 8, 2016)

(plaintiff adequately alleged causation by claiming that employer "watch[ed] her like a hawk"

and punished her for taking absences). Sheriff Dart's cases focusing on "temporal proximity" do

not advance his argument for that reason, and for the separate reason that they are, almost

exclusively, summary-judgment decisions subjecting claimants to a different and heavier burden

than Gallagher faces here at the motion-to-dismiss stage. *See, e.g.*, *Squibb v. Mem'l Med. Ctr.*,

497 F.3d 775, 787 (7th Cir. 2007); *Buie v. Quad/Graphics, Inc.*, 366 F.3d 496, 506 (7th

Cir. 2004). The Court therefore denies Sheriff Dart's motion with respect to Count III.

## III.    Count IV: Violation of COBRA

Finally, Sheriff Dart challenges Count IV, which claims that Sheriff Dart violated

COBRA by failing "to properly advise" Gallagher of his "COBRA option" to receive his group

health insurance plan for up to 18 months after termination. Sheriff Dart contends that Gallagher

misunderstands COBRA, as it only requires the health plan's "administrator," not an employer,

8

to make such notifications. Gallagher counters by attaching to his Response his exit-interview checklist, which marked "Y" for "COBRA Information Issued"; claiming that Sheriff Dart's office did not actually issue COBRA information to Gallagher; and asserting that if "the Sheriff's office undertook the responsibility of notifying terminated employees of their options," it should be liable for failing to do so adequately.

COBRA assigns different notice requirements to different parties. *See* 29 U.S.C. § 1166. Relevant here, Section 1166(a)(2) requires employers to "notify the administrator of a qualifying event"—of which termination is one, 29 U.S.C. § 1163(2)—"within 30 days." 29 U.S.C. § 1166(a)(4). Courts, accordingly, have recognized that employers may be liable under COBRA for failing to notify administrators of qualifying events. *See, e.g.*, *Guernsey v. City of Lafayette*, No. 4:13-CV-00086, 2016 WL 8729344, at *12 (N.D. Ind. Aug. 12, 2016) ("employers have been found liable for failing to satisfy their obligation to notify the plan administrators of the occurrence of a qualifying event under 29 U.S.C. section 1166(a)(2)") (citing cases). Indeed, the lone case Gallagher cites falls in this line. *Kidder v. H & B Marine Inc.*, 932 F.2d 347, 355 (5th Cir. 1991) (affirming liability of employer that failed to notify administrator of a qualifying event, and noting: "As a result of section 1166(a)(2), H & B Construction, as the employer in this case, obviously had a responsibility to notify the plan administrator of the occurrence of a qualifying event. Thus H & B Construction bore some notification burden in addition to its responsibility to provide the continuation coverage."). Section 1166(a)(4), on the other hand, requires that after a qualifying event the administrator must notify "any qualified beneficiary . . . of such beneficiary's rights under this subsection"—of which continued insurance is one, 29 U.S.C. § 1162(2)(A)(i). 29 U.S.C. § 1166(a)(4).

Gallagher provides scant reasoning and no law to support his novel theory that—despite Section 1166(a)'s clear notice assignments—an employer (Sheriff Dart) may be liable for failing to notify a beneficiary (Gallagher) of ongoing rights (continued coverage) upon a qualifying event (termination).  *Accord Cnty. of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006) ("When presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action."); *Fonza v. Chicago Pub. Sch. Dist. #299*, No. 17-CV-3571, 2018 WL 337811, at *6 (N.D. Ill. Jan. 9, 2018) ("it is not the court's role to make the parties' arguments for them") (citing *United States v. McLee*, 436 F.3d 751, 760 (7th Cir. 2006)). Even if the Court were to consider the attached exit-interview checklist, *but see Metz v. Joe Rizza Imports, Inc.*, 700 F. Supp. 2d 983, 988 (N.D. Ill. 2010) (not considering documents attached to plaintiff's response because they were neither referenced in the complaint nor central to the claim), Gallagher does not explain with logic, let alone support with law, the conclusion that an employer that holds itself out as having "[i]ssued" COBRA "[i]nformation" can be liable if it does so inadequately.  The Court therefore dismisses Count IV without prejudice.

**CONCLUSION**

For the foregoing reasons, the Court grants in part and denies in part Defendant Sheriff Dart's motion to dismiss. The Court denies the motion as to Count III of the Amended Complaint, but grants it as to Counts II and IV, and dismisses Count II without prejudice, permitting Gallagher leave to file a Rehabilitation Act claim, and Count IV without prejudice. If Gallagher wishes to amend consistent with this decision, he must do so by April 27, 2018.

**Dated: April 5, 2018**                                 **ENTERED**

**AMY J. ST. EVE**
**United States District Court Judge**